## JONES' EXECUTORS. v. WILKINSON.

1. Where there are two executors, to make them parties to a cause as defendants, process must be served on both.
2. Where an order is made by the Court for security for costs, not under the statute, although time the limited for it to be given has passed, still the Court may receive such security, if advantage of the omission has not been previously claimed.
3. Where there are special pleas, and no replication or issue joined, and a verdict for the plaintiff is rendered, is it error? *Quere.*

COVENANT. The action was brought to the spring term 1823, of Madison Circuit Court, by L. Wilkinson against J. W. Jones. To the declaration, the defendant pleaded several special pleas, to which there were no replications filed, and no issue was joined. The cause was continued until the spring term of 1826, when, on motion of the defendant, it was ordered by the Court "that this suit be discontinued, unless security for costs be given, on or before the first day of the next term of this Court." At the next term, but after the time limited, A. Hutchison acknowledged himself plaintiff's security for costs, by leave of the Court. Afterwards, at the spring term, 1827, of said Court, "it appearing to the satisfaction of the Court, that Jones the defendant had departed this life, it was ordered on motion of the plaintiff, that the action be revived in the name of his legal representatives when made known." A *scire facias* was issued accordingly, against Agnes Jones, executrix, and Nathaniel Terry, executor of said decedent, which was executed on Terry, and returned "not found," as to Agnes Jones. Upon the due execution of the writ upon Terry, the Court ordered the suit to be revived against both executors. A verdict was found against them, and judgment thereon rendered for the plaintiff. The defendants below, now here assign for error; 1st, that there were no replications to the defendants pleas, and no issue was joined thereon. 2d, that the *scire facias* was served on one only of the representatives of Jones, but revived as to both. 3d, that the suit was discontinued, there having been no security given for the costs, within the time required by the order of the Court.

McCLUNG, for the appellants. The defendant below sets up three distinct defences by plea, each of which, if

true, will bar the plaintiff's demand. These require replications. What has the jury to try till issues are joined? any trial must therefore have been irregular, when there was no issue. This point has been so often decided in this Court, that it is not now debateable. [a]

The *scire facias* was served on one only of the representatives of the deceased, and yet the action was revived as to both. They are both the representatives of the deceased, and both must join to bring an action, or to defend one. It requires the union of both to represent the deceased. One cannot be made a party against his consent. As to Agnes Jones, there was neither service nor discontinuance. The statute making service on one partner equal to service on both, does not embrace such a case as this; neither does the statute authorizing discontinuances in certain cases. The uniform practice has been, in accordance with the law, to serve the *scire facias* on all the representatives. The action was therefore discontinued by this irregularity, and should be reversed in toto.[b]

HUTCHISON, for the appellee. The want of formal replications to the pleas, I cannot conceive to be error; nor do I believe that the decisions of this Court are conclusive on this point. The record shews that the issues were disposed of without objection made below. It cannot be just to allow a party to avail himself of a trap laid by himself. Besides, in this case, the pleas themselves were bad. No objection was made in the Court below to the receiving security for costs. Therefore, this cannot be relied on here as error.

The statute of 1818, cited by the appellants, should be liberally construed; it has before now, been extended to cases not within its letter. It has been held to apply to the case of joint indorsers. [c] A judgment may be rendered against one or more executors, it is not necessary that it should be rendered against all. A plaintiff may prevail against one executor and fail as to another. [d] In this case the writ was served on the testator himself, so that there is no danger of injustice being done.

McCLUNG, in conclusion. The decision in 2d Bibb is founded on one in 1st Salkeld. There it will be found that the authority relied on is a British statute, not in force here.

JULY 1830.

Jones' Exrs.
v.
Wilkinson.

a Minor's Ala. Rep. 45, 78, 137.

b Laws of Ala. 449.

c 2 Stewart 329.

d 1 Chitty's Pl. 35—6. 2 Bibb 238, 330.

JULY 1830.

Jones' Ex'rs
v.
Wilkinson.

By JUDGE CRENSHAW.   In this case the judgment is reversed on the ground, that process was served on one only of the executors, when both were parties.   We know of no rule of practice better settled than that each and all of the defendants must be served with process, in order to make them parties in Court.   Indeed before the argument of this case, I never heard the rule called in question as it existed, and now exists at common law.   In England, the statute of Elizabeth hath made an exception as to executors and administrators, and this statute has been adopted in the State of Kentucky; but decisions made under the statute cannot be recognised as authority here; we must be governed by the common law.

The assignment of error, that the action was discontinued by reason of the plaintiff's having failed to give security for costs in pursuance of an order of the preceding term, we think ought not to prevail.   We are inclined to the opinion that where the order for security is made by the Court, not under the statute, the Court in its discretion may receive the security at any time before advantage is taken of the omission.

As to the assignment that there was no replication to the pleas, nor issue for the jury to try, from the current of our own decisions, this objection ought to prevail; but we decline an expression of opinion, because it was suggested that former decisions on this point of practice have been overruled by an adjudication of more recent date, but which I have not had leisure to find and examine.

Judgment reversed.